RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE___5/25/11___
BY___

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

UNITED STATES OF AMERICA

CRIMINAL ACTION
NO. 2:99-CR-20088

VERSUS

DANIEL J. DEVILLE

JUDGE JAMES T. TRIMBLE
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 by pro se petitioner Daniel J. Deville ("Deville") on .   Deville is contesting his sentence, entered pursuant to a plea agreement in 2000 (Doc. 11) in the United States District Court for the Western District of Louisiana, Lake Charles Division, on one count of possession of a firearm by a convicted felon, for which he was sentenced under the Armed Career Criminal Act to 180 months imprisonment and five years supervised release (Doc. 16).   Deville filed an appeal which was denied (Doc. 39).   Deville then filed this Section 2255 motion, which is now before the court for disposition.

In his motion, Deville contends that, under the new Supreme Court case of Johnson v. U.S., 130 S.Ct. 1265 (U.S. 3/2/2010), his prior offenses are no longer considered crimes of violence for purposes of sentence enhancement, and he had ineffective assistance

of counsel for counsel's failure to file a timely notice of appeal and failure to object to his classification as an armed career criminal at sentencing.

This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

## Rule 8(a) Resolution

This court is able to resolve the merits of this Section 2255 application without the necessity of an evidentiary hearing because there is no genuine issue of material fact that is relevant to the claims of the petitioner, and the State court records provide the required and adequate factual basis necessary to the resolution of the Section 2255 application. U.S. v. Green, 882 F.2d. 999, 1008 (5th Cir. 1989); Section 2255 Rule 8(a).

## Limitation Period

Deville filed his Section 2255 motion more than one year after

he was sentenced.  Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of-
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Deville was sentenced on January 28, 2000 (Doc. 16), and did not appeal his conviction or sentence.  Deville filed this Section 2255 motion on March 3, 2011 (Doc. 40), clearly more than one year after his conviction became final.  This is Deville's first Section 2255 motion.

In his Section 2255 motion, Deville is alleging a violation of a right "initially recognized by the Supreme Court" in Johnson v. U.S., 130 S.Ct. 1265 (U.S. 2010), on the ground that, pursuant to the holding in Johnson, the predicate offenses used to enhance Deville's sentence under the Armed Career Criminal Act are no longer considered crimes of violence.  Deville also contends his had ineffective assistance of counsel due to counsel's failure to argue against application of the ACCA, failure to advise Deville of his potential exposure to an enhanced sentence under the ACCA, and

3

failure to timely file a notice of appeal. The only exception to the one year limitation period offered by Deville is the <u>Johnson</u> case.

In <u>Johnson</u>, the Supreme Court held that, in the context of a statutory definition of "violent felony," the phrase "physical force" means *violent* force-that is, force capable of causing physical pain or injury to another person. The court went on to find that the defendant's prior battery conviction under Florida law was not a "violent felony" under the Armed Career Criminal Act ("ACCA"). Deville argues that, under the holding in <u>Johnson</u>, his prior Louisiana convictions for simple burglary and theft did not constitute predicate violent felonies under the ACCA. Deville also argues, in his second ground for relief, that he had ineffective assistance of counsel due to his attorney's failure to object to his classification as an armed career criminal on the basis of the holding in <u>Johnson</u>[1] and his failure to file a timely notice of appeal.

<u>Johnson</u> is a new rule of procedural law which has not been made retroactively applicable to cases on collateral review. Although Deville argues that <u>Johnson</u> should be applied

---

[1] Since Deville was sentenced in 2000 and <u>Johnson</u> was decided in 2010, Deville's attorney could not have raised that objection at sentencing. The other cases cited by Deville were also decided subsequent to his sentencing.

retroactively to his case,[2] the Supreme Court has not yet held it to be retroactively applicable on collateral review. See <u>Tyler v. Cain</u>, 533 U.S. 656, 121 S.Ct. 2478 (2001)("[A] new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive.").

Therefore, this court may not consider the applicability of the new rule announced in <u>Johnson</u> to Deville's ACCA sentence enhancement on collateral review.

Since Deville has not shown that his Section 2255 motion fits within one of the enumerated exceptions to the one year limitation period, his Section 2255 motion should be dismissed as untimely.

### Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Deville's Section 2255 motion be DENIED AND DISMISSED as untimely.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response

---

[2] Deville cites <u>Gilbert v. U.S.</u>, 609 F.3d 1159 (11th Cir. 2010), in which the Eleventh Circuit held the new rule announced by the Supreme Court in <u>Johnson</u> is retroactively applicable on collateral review. However, the Eleventh Circuit subsequently vacated that decision on rehearing, at <u>Gilbert v. U.S.</u>, 625 F.3d 716 (11th Cir. 2010).

or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 25th day of May, 2011.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE